T.C. Memo. 1996-440

UNITED STATES TAX COURT

ROBERT D. AND ANNE T. LEWIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11282-95.                    Filed September 25, 1996.

<u>Woodford Gregory Rowland</u>, for petitioners.

<u>Patricia Montero</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was heard by Special Trial Judge
D. Irvin Couvillion pursuant to the provisions of section
7443A(b)(4)[1] and Rules 180, 181, and 183.  The Court agrees with

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, Special Trial Judge:  This case is before the Court on petitioners' Motion to Dismiss for Lack of Jurisdiction, on the ground that no valid notice of deficiency was mailed to petitioners, and respondent's cross Motion to Dismiss for Lack of Jurisdiction, on the ground that the petition was not timely filed under section 6213(a).  A hearing was held on the motions, at which time evidence was adduced.  In addition, some of the facts were stipulated, and those facts with the annexed exhibits are so found and are incorporated herein by reference.  In the notice of deficiency, respondent determined the following deficiencies and additions to tax with respect to petitioners' tax years as indicated:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651 | Sec. 6653(a)[1] | Sec. 6661 |
| 1982 | $1,912 | $478 | $96 | -- |
| 1983 | 39,739 | 9,935 | 1,987 | $9,935 |
| 1984 | 58,887 | 14,722 | 2,944 | 14,722 |
| 1985 | 13,453 | 3,363 | 673 | 3,363 |
| 1986 | 50,112 | 12,528 | 2,506 | 12,528 |
| 1987 | 626 | 157 | 31 | -- |

[1] Additions to tax (50 percent of interest due) under sec. 6653(a)(1)(B) and/or sec. 6653(a)(2) will be determined.

At the time the petition was filed, petitioners' legal residence was Central Point, Oregon; however, the motions before the Court

involve a home and an address at 1222 Grand Avenue, San Rafael, California (the Grand Avenue address).

Background

Petitioners, husband and wife, filed their 1982 through 1991 Federal income tax returns with the Internal Revenue Service (IRS) Center at Fresno, California, listing the Grand Avenue address on each of these returns. Petitioners have maintained a residence at this address since 1961. Sometime in 1988, respondent began an audit of petitioners' 1982 through 1987 returns. During the course of the audit, which continued until the latter part of 1990, the revenue agent assigned to the audit telephoned, interviewed petitioners, and examined their records at the Grand Avenue address. As part of the audit, the revenue agent also received letters from and spoke with petitioners' attorneys to verify the purpose and amount of legal expenses claimed on petitioners' returns for legal services these attorneys had provided petitioners. These attorneys, however, did not represent petitioners in connection with the audit of petitioners' returns. In August 1990, the revenue agent made proposed adjustments to petitioners' returns. By letter dated November 10, 1990, petitioners protested these proposed adjustments. Thereafter, the Appeals Division of the IRS took

over the audit, and the case was assigned to an Appeals Officer. The Appeals Officer, who eventually caused a statutory notice of deficiency to be issued, contacted petitioners by mail and by telephone and held a conference with petitioner Robert D. Lewis (Mr. Lewis) at the Grand Avenue address. Mr. Lewis purported to represent petitioners at all times during the audit of their income tax returns. Petitioners were not represented by an attorney or by any other third party at any time in connection with the audit. Accordingly, petitioners did not provide either the revenue agent or the Appeals Officer with a power of attorney authorizing a third party to represent them in the audit. At no time during the audit did petitioners notify either the revenue agent or the Appeals Officer of any change of address.

On April 14, 1994, respondent sent to petitioners, by certified mail, a notice of deficiency (or deficiency notice) addressed to the Grand Avenue address.[2] Shortly thereafter, the deficiency notice was returned undelivered by the post office with the envelope marked "Unclaimed". The returned envelope indicates that the U.S. Postal Service attempted to deliver the deficiency notice twice, and returned it to respondent on May 4, 1994. After the notice of deficiency was returned, respondent

---

[2] The Court notes that petitioners executed Forms 872-A, Special Consent to Extend the Time to Assess Tax, for each of the taxable years at issue, which consent was still in effect on April 14, 1994.

did not send a copy of the deficiency notice to petitioners by ordinary mail, did not attempt to telephone petitioners regarding the deficiency notice, and did not attempt to contact any of the attorneys who had previously been contacted by respondent's agent.

The parties agree that petitioners did not receive the deficiency notice because they were in Oregon and not at the Grand Avenue address in California at the time the deficiency notice was mailed.  Beginning in 1992, about 2 years prior to issuance of the deficiency notice, petitioners began dividing their time between the Grand Avenue address and their residence in Oregon due to the health of petitioner Anne T. Lewis. Petitioners, however, never informed respondent that they would not be at the Grand Avenue address at or near the time the deficiency notice was sent.  Nor did petitioners take any measures to have anyone monitor their mail at the Grand Avenue address during their absences.

On or about April 26, 1995, petitioners obtained a copy of the deficiency notice pursuant to a Freedom of Information Act request.  Thereafter, on June 26, 1995, petitioners filed their petition with this Court, which date was 438 days after the deficiency notice was mailed.  If the deficiency notice was mailed to petitioners' last known address, the period for filing

a petition with this Court expired on July 13, 1994, which is 90 days from the date of the deficiency notice.  Sec. 6213(a).

Discussion

It is well settled that, in order to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition.  Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988).  Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail."  Section 6212(b)(1) provides that a notice of deficiency, with respect to any income tax, "shall be sufficient" if it is "mailed to the taxpayer at his last known address".  Respondent is entitled to treat the address on the taxpayer's most recently filed return as the last known address absent "clear and concise notification" of a new address.  Abeles v. Commissioner, supra at 1035; see also United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).  Where respondent, before mailing a notice of deficiency, becomes aware of an address other than the one on the taxpayer's return, respondent must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address.  Monge v. Commissioner, 93 T.C. 22, 33-34 (1989).

Petitioners agree that the notice of deficiency was mailed to their last known address.  They contend, however, that:

(1) Respondent had a due process obligation to provide actual notice of the deficiency notice, and (2) respondent did not exercise due diligence in ensuring actual notice to them. Petitioners cite <u>Tulsa Professional Collection Servs., Inc. v. Pope</u>, 485 U.S. 478 (1988), in support of their first contention. In support of their second contention, petitioners argue that respondent should have sent a copy of the deficiency notice by ordinary mail, or should have contacted either petitioners or their attorney by telephone.  Petitioners aver they had a telephone answering machine at their Grand Avenue address where a message could have been left by respondent's agent that a notice of deficiency had been mailed and returned to respondent undelivered.

As a general rule, the Commissioner has no duty to effectuate delivery of the notice after it is mailed.  <u>Monge v. Commissioner</u>, <u>supra</u> at 33.  The legislative history of the last known address rule suggests that Congress considered but rejected requiring actual receipt of the notice because such a requirement would impose an almost impossible burden on the IRS to prove actual receipt and to keep track of the whereabouts of all taxpayers.  See H. Rept. 2, 70th Cong., 1st Sess. (1927), 1939-1 C.B. (Part 2) 384, 399; S. Rept. 960, 70th Cong., 1st Sess. (1928), 1939-1 C.B. (Part 2) 409, 430.  Instead, Congress adopted the "last known address" rule, thus giving the IRS a safe harbor:

a notice sent to the last known address is valid whether or not the taxpayer actually receives it. See, e.g., <u>United States v. Zolla</u>, 724 F.2d at 810. Nothing in the Code required respondent to take additional steps to effectuate delivery of the instant notice of deficiency after it was returned undelivered by the post office. <u>King v. Commissioner</u>, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); <u>Armstrong v. Commissioner</u>, 15 F.3d 970 (10th Cir. 1994), affg. T.C. Memo. 1992-328; <u>Pfeffer v. Commissioner</u>, 272 F.2d 383 (2d Cir. 1959); <u>Monge v. Commissioner</u>, <u>supra</u>; <u>McCart v. Commissioner</u>, T.C. Memo. 1992-3, affd. without published opinion 981 F.3d 1247 (3d Cir. 1992). As a consequence, petitioners' arguments that respondent had an obligation to provide actual notice and that respondent did not exercise due diligence must fail.

With respect to petitioners' reliance on <u>Tulsa Professional Collection Servs., Inc. v. Pope</u>, <u>supra</u>, the Court finds that case to be distinguishable from this case. The <u>Tulsa</u> case involved a "nonclaim" provision of the Oklahoma Probate Code, under which a creditor's claim against a decedent's estate would be completely extinguished unless the claim was presented to the executor or executrix within 2 months after the publication of notice of the beginning of probate proceedings. The creditor in that case, having failed to meet that 2-month deadline, successfully argued that notice by publication was insufficient to protect the

creditor's property interest, and that actual notice was required to satisfy the creditor's right of due process. In the present case, by contrast, where respondent mailed the deficiency notice to petitioners' last known address, actual notice of the income tax deficiencies was not required. Unlike the creditor in Tulsa, whose claim would have been totally extinguished under the Oklahoma Probate Code, petitioners have alternative routes for pursuing their claims because the Tax Court is not the sole venue for litigation of a tax liability. The fact that taxpayers can pay a deficiency, file an administrative claim for refund, and if the claim is disallowed, bring an action for a refund in Federal District Court or the Court of Federal Claims provides sufficient due process.

The Court also notes, with respect to petitioners' argument that their attorney should have been notified, the record in this case is clear that, at all times during the audit of their returns, Mr. Lewis, and not an attorney, purported to represent petitioners. No powers of attorney were ever filed with respondent authorizing a third party to represent petitioners. The only contact respondent had with petitioners' attorneys was to verify legal expenses claimed on petitioners' returns. This communication did not rise to the level of client representation such that a power of attorney was required, nor did petitioners ever execute a power of attorney. Moreover, this Court has held

that, even if a taxpayer directs that a copy of all communications be sent to the taxpayer's agent, the notice of deficiency is valid where it was mailed directly to the taxpayer at the taxpayer's last known address, even though a copy was not sent to the taxpayer's agent.  McDonald v. Commissioner, 76 T.C. 750 (1981); Allen v. Commissioner, 29 T.C. 113 (1957); Madsen v. Commissioner, T.C. Memo. 1988-179.

The petition in this case was filed with the Court on June 26, 1995, 438 days after the date the deficiency notice was mailed.  Section 6213(a) provides, in pertinent part, that a petition must be filed with the Tax Court within 90 days from the date a statutory notice of deficiency is mailed to a taxpayer residing in the United States.  This Court has no jurisdiction if a petition is filed beyond the prescribed 90-day time period. Pyo v. Commissioner, 83 T.C. 626, 632 (1984).  Since the petition here was not filed within 90 days from the date the notice of deficiency was mailed, the Court has no jurisdiction over the case.

Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioners' motion will be denied.

An appropriate order will

be entered.